HUGHES, Judge.
Plaintiffs-appellants, Jack and Bozo Zib-lich, Jr., owners of a state oyster lease in Barataría Bay filed suit against Amerada Hess Corporation, a state oil and gas lessee, claiming $66,607.25 in damages resulting from defendant-appellee’s drilling operation over water bottoms leased to plaintiffs for the cultivation of oysters. After reviewing pleadings, interrogatories, and depositions, the trial judge granted a motion for summary judgment in defendant’s favor. Plaintiff appeals this judgment contending that there is a disputed issue of material fact, i. e., whether the defendant damaged the oyster lease owned by plaintiffs-appellants.
*78 Pre-trial discovery evidence in the form of interrogatories, depositions and expert reports filed on each side below reveal that plaintiffs based their claim for damages on a report prepared by the Louisiana Department of Wildlife and Fisheries. They contend that approximately 4.38 acres near the southeastern corner of their lease # 18785 was churned up by tugs maneuvering an oil rig into position, thereby softening the bottom of the bedding ground and turning it into sludge, useless for oyster cultivation. The two Louisiana Wildlife and Fisheries Commission marine biologists who made the report indicated that in their opinion the bottom was damaged. They also reached" other conclusions some of which could be viewed as favorable to plaintiffs and some of which were not.
In support of the motion for summary judgment defendant relied on a report prepared by a marine expert who concluded that there was no discernible damage on the leased water bottom. They also relied on deposition testimony that plaintiffs were not cultivating oysters on the lease when the rig was moved into and out of the drilling site.
The trial court in written reasons indicated that since plaintiffs acknowledged that they were not cultivating oysters in the approximately 35 acres under lease, that both the claim for property damage and the claim for mental anguish allegedly resulting from the property damage were susceptible to dismissal by summary judgment. We disagree.
The evidence submitted by plaintiffs indicates among other things that the plaintiffs regarded the lease as a bed they could use if they chose to do so were it not for the damage allegedly caused by movement of tugs maneuvering defendants’ rig across the lease. Their claim relates not only to oysters but also to the bed itself.
We are of the opinion that La.Code of Civil Procedure Article 966 precludes rendition of a summary judgment as a substitute for trial even in those circumstances that cause the trial court to conclude that a plaintiff is not likely to prevail on trial of the merits. Summary judgment is available only when reasonable minds would inevitably conclude that mover is entitled to judgment on the basis of undisputed facts. Accordingly, we reverse the summary judgment granted below and remand the case for trial.

Reversed and Remanded.